# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CATHERINE McCLATCHY | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | NO. 09-1328 |
| KIMBERLY CLARK CORPORATION | : | |

## MEMORANDUM AND ORDER

**Baylson, J.**                                                                                                                    **June 10, 2010**

Plaintiff, a former employee of defendant, has brought suit against defendant alleging discrimination on the basis of gender and retaliation. Before the Court is defendant's Motion for Summary Judgment. (Doc. 24). Following oral argument and per an Order dated May 7, 2010 (Doc. 38), the Court denied defendant's Motion as to plaintiff's discrimination claim, but requested that the parties submit additional briefing regarding plaintiff's retaliation claim. Having reviewed the parties' original and additional briefing, the Court will deny defendant's Motion as to that claim as well.

The parties agree that, in order for plaintiff to state a prima facie case of unlawful retaliation, she must demonstrate that (1) she engaged in activity protected by Title VII; (2) she was subjected to an action by her employer that was materially adverse; and (3) the materially adverse action by the employer was causally related to her protected activity. Defendant then must produce a legitimate, nondiscriminatory reason for the adverse employment action. The burden then rests upon plaintiff to demonstrate that this reason is pretextual. See Eldeeb v. AlliedBarton Sec. Servs. L.L.C., Civ. A. No. 07-669, 2008 WL 4083540, at *8–9 (E.D. Pa. Aug. 28, 2008) (Baylson, J.). The parties also agree that, by sending her October 11, 2007 email

1

raising a complaint of gender discrimination, plaintiff engaged in an activity protected under Title VII. The parties dispute, however, the remaining elements of plaintiff's prima facie case, as well as whether plaintiff can meet her burden of demonstrating pretext.

As to whether plaintiff suffered an adverse employment action, it is undisputed that, on the day before she sent her October 11 email, plaintiff had a phone conversation with her supervisor in which she stated that she quit. It is also undisputed that, approximately one day after plaintiff sent her October 11 email, her employment with defendant ended.

Defendant contends that plaintiff's separation from employment with defendant does not constitute an adverse employment action, because it simply represented defendant's acceptance of plaintiff's prior voluntary resignation. Plaintiff responds that neither she nor defendant interpreted her statement on the phone as an actual resignation, and even if defendant did, subsequent exchanges between plaintiff and her supervisors prior to her separation made clear that plaintiff had withdrawn any such resignation.[1]

The Court is not convinced that plaintiff's separation from employment with defendant—however it is characterized—cannot, as a matter of law, constitute an adverse employment action. Defendant relies upon case law from other circuits to support its position that voluntary resignation cannot give rise to an adverse employment action; defendant does not identify, and the Court is not aware of, any Third Circuit cases holding that an employee who has voluntarily resigned cannot, as a matter of law, maintain a claim of retaliation. Plaintiff, meanwhile, stresses that defendant only made its decision to end her employment after she raised

---

[1]The parties agree that plaintiff does not claim that she was constructively discharged from her employment with defendant.

her complaint of discrimination; thus, whether she did not resign and defendant simply terminated her, or she resigned and defendant failed to rehire her, both scenarios may constitute an adverse employment action in this case. See, e.g., Wilkerson v. New Media Technology Charter School Inc., 522 F.3d 315, 320 (3d Cir. 2008) ("In prior employment discrimination/retaliation cases we have made clear that failure to rehire can constitute an adverse employment action."). Given the case law identified by the parties, and the factual disputes regarding the circumstances of plaintiff's separation from employment with defendant, the Court does not believe summary judgment would be appropriate on this issue.

As to the issues of causal connection and pretext, defendant contends that plaintiff engaged in unprofessional and insubordinate conduct after sending her email, and this conduct, not plaintiff's complaint of gender discrimination, led to defendant's acceptance of her resignation. Thus, according to defendant, there is no causal connection between plaintiff's protected activity and whatever adverse employment action she may have suffered, and plaintiff has not identified evidence to demonstrate that the reason proffered by defendant for her separation is pretextual. Plaintiff, meanwhile, contends that the short period of time between her complaint of discrimination and her separation from employment is suggestive of retaliatory motive, and disputes defendant's rendition of the events that transpired between her complaint and her separation. According to plaintiff, when the facts are viewed in the light most favorable to her, a reasonable jury could conclude that there was a causal connection between her protected activity and her separation and that defendant's explanation for her separation is pretextual. The Court finds that plaintiff has identified genuine issues of material fact as to these elements of her claim, and agrees with plaintiff that, based on the record before the Court, summary judgment is

3

not warranted.

For the foregoing reasons, defendant's Motion for Summary Judgment (Doc. 24) is DENIED. In accordance with the letters from counsel regarding scheduling, trial will commence on or shortly after September 7, 2010. A final pretrial conference will be held by telephone on August 16, 2010, at 4:45 p.m.

BY THE COURT

/s/ Michael M. Baylson

Michael M. Baylson, U.S.D.J.

O:\CIVIL 09-10\09-1328 McClatchy v. Kimberly\09-1328 McClatchy v. Kimberly Clark -- June 10 SJ memo and order.wpd